IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELMAS CLARKE, | ) | CASE NO. 1:12 CV 388 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KIMBERLY CLIPPER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Elmas Clarke for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Clarke is currently incarcerated at the Grafton Correctional Institution in Grafton, Ohio, serving a three-year term imposed in 2009 by the Ohio Common Pleas Court of Cuyahoga County after his bench trial conviction of one count of rape, one count of unlawful sexual conduct with a minor, and twenty-three counts of gross sexual imposition.[3]

---

[1] ECF # 3.

[2] ECF # 1 at 4.

[3] ECF # 4, Attachment 2 (state court record) at 1.

In his petition, Clarke raises two grounds for relief.[4] The State, in its return of the writ, argues that both grounds of the petition should be denied on the merits.[5] For the reasons that follow, I recommend finding that the petition should be denied on the merits.

## Statements of Facts and of the Case

### A.    The underlying facts and the state trial

The facts[6] that follow come from the decision of the State appeals court.[7] The indictment charged Clarke with one count of rape, one count of sexual conduct with a minor, and twenty-three counts of sexual imposition.[8] These acts occurred with his stepdaughter. Clarke pled not guilty and waived his right to a jury trial.[9] After a bench trial, the court found Clarke guilty and sentenced him to three years in prison.[10]

---

[4] *Id.* at 2-3.

[5] *Id.* at 57-61.

[6] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[7] ECF # 4, Attachment 2 (state court record) at 1.

[8] *Id.*

[9] *Id.*

[10] *Id.*

Clarke submitted that he was out of town during the time the rape occurred, thereby proving his innocence.[11] After opening statements, the State of Ohio raised an objection to the proposed use of the defendant's exhibits regarding his alibi defense because of the defense's failure to timely present the State with copies of the proposed exhibits in advance of the trial.[12] Defense counsel acknowledged his unintended failure to timely provide documentation of the petitioner's alibi.[13] The trial court responded by saying that it would reserve its judgment on that evidence until the appropriate time in trial when Clarke offered those exhibits.[14] Defense counsel never moved to admit these exhibits during the trial.

## B.    Direct appeal

### 1.    *Court of Appeals*

Following his sentencing, Clarke, represented by counsel,[15] filed a timely[16] notice of appeal to the Ninth District Court of Appeals, raising two assignments of error:[17]

---

[11] *Id.* at 2.

[12] *Id.* at 1.

[13] *Id.* at 2.

[14] *Id.* at 1.

[15] ECF # 4, Attachment 2.

[16] Ohio App. Rule 4(A) provides that, to be timely, an appeal must be filed within 30 days of a judgment's entry. Here, the judgment entry was filed on October 29, 2009, and the notice of appeal filed on November 4, 2009.

[17] ECF # 4, Attachment 2 at 42-45.

Assignment of Error 1: The defendant was denied effective assistance of counsel by counsel's failure to timely provide discovery documents to the State of Ohio, and later introduced this evidence to support his alibi defense.[18]

Assignment of Error 2: The verdict entered against the defendant on count 1 rape was legally insufficient as a matter of law.[19]

The State filed a brief in opposition.[20] The Court of Appeals of Ohio then affirmed the decisions of the trial court, overruling all of Clarke's assignments of error.[21]

**2.**   ***Ohio Supreme Court***

Clarke filed a timely[22] notice of appeal to the Ohio Supreme Court.[23] In his memorandum in support of jurisdiction,[24] he raised two propositions of law:

Proposition of Law 1: Counsel's failure to timely provide discovery documents to the state of Ohio, and later introduce this evidence to support his alibi defense denied the petitioner effective assistance of counsel entitled to him under the sixth amendment.[25]

---

[18] *Id.* at 50.

[19] *Id.*

[20] *Id.* at 48-61.

[21] *Id.* at 62-72.

[22] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on October 14, 2010, and the notice of appeal filed in the Supreme Court on November 29, 2010.

[23] ECF # 4, Attachment 2 at 77.

[24] *Id.* at 80-88.

[25] *Id.* at 83.

Proposition of Law 2: The conviction entered herein must be supported by sufficient and credible evidence, and if not it must be set aside as a matter of law.[26]

On February 16, 2011, the Ohio Supreme Court denied leave to appeal, dismissing the matter as not involving any substantial constitutional question.[27] The record does not show that Clarke filed for a writ of certiorari with the United States Supreme Court.

## C.    Petition for writ of habeas corpus

On February 16, 2012, Clarke filed a timely[28] federal habeas petition and, by attaching his brief to the Supreme Court of Ohio, raised two grounds for relief:[29]

Ground for relief 1: The petitioner counsel's failure to timely provide discovery documents to the state of Ohio, and later introduced this evidence to support his alibi defense denied the petitioner effective assistance of counsel entitled to him under the sixth amendment.[30]

---

[26] *Id.* at 86.

[27] *Id.* at 100.

[28] 28 U.S.C. § 2254 states that a habeas petition must be filed within one year of the conclusion of direct review of the petitioner's claims by the state. In that regard, the one-year period does not begin to run until the day after a petition for a writ of certiorari would be due, or 90 days, regardless of whether such a writ has been sought by the petitioner. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Here, the one-year limitations period began on February 16, 2012, and the petition was filed approximately nine months later, thus making it timely.

[29] ECF # 1.

[30] *Id.*

Ground for relief 2: The conviction entered herein must be supported by sufficient and credible evidence, and if not, it must be set aside as a matter of law.[31]

The State's return of the writ[32] argues that Clarke's petition for writ of habeas corpus should be denied.[33]

## Analysis

### A.    Preliminary observations

Prior to consideration of the claim and the State's arguments, I make the following preliminary observations:

1.    There is no dispute that Clarke is currently in the custody of the State of Ohio under terms of a sentence imposed by an Ohio court. Moreover, there is no dispute that Clarke was so incarcerated at the time he filed this petition for federal habeas relief. Thus, Clarke was "in custody" pursuant to the statute vesting this Court with jurisdiction over the petition.[34]

2.    As noted, there is no dispute that the petition was timely filed.[35]

3.    It appears that Clarke has totally exhausted the grounds for relief presented here by fairly presenting them through a full round of Ohio's established review procedure.[36]

---

[31] *Id.*

[32] ECF # 7.

[33] *Id.* at 42.

[34] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[35] 28 U.S.C. § 2254(d)(1).

[36] 28 U.S.C. §§ 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

4.      Clarke states,[37] and my review of this Court's docket confirms, that this is not a second or successive petition for habeas relief.[38]

5.      Finally, Clarke, who is already represented by counsel, has not sought the appointment of counsel,[39] nor has he requested an evidentiary hearing.[40]

## B.      Standard of review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[41]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[42] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[37] ECF # 1 at 9.

[38] *See*, 28 U.S.C. § 2244(b); *In re Smith*, 690 F.3d 809 (6th Cir. 2012).

[39] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[40] 28 U.S.C. § 2254(e)(2).

[41] 28 U.S.C. § 2254(d).

[42] *Williams v. Taylor*, 529 U.S. 362 (2000).

-7-

differently than this Court has on a set of materially indistinguishable facts."[43] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[44]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[45] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[46]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[47] and "highly deferential" to the decision of the state court.[48] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

---

[43] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[44] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[45] *Williams*, 529 U.S. at 411.

[46] *Id.* at 409.

[47] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[48] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

decision."[49] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[50]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[51]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[52] Then, the federal court is to review the claim *de novo*.[53]

As the Supreme Court emphasized in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law

---

[49] *Harrington*, 131 S. Ct. at 786.

[50] *Id.* at 786-87.

[51] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[52] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[53] *Id.*

procedural principles to the contrary."[54] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[55]

## C.  Ineffective assistance of counsel

In *Higgins v. Renico*,[56] the Sixth Circuit re-stated the foundational rubric for reviewing claims of ineffective assistance of counsel pursuant to the long-standing teaching of *Strickland v. Washington*:[57]

> Under *Strickland*, a defendant must establish both that his counsel's performance was seriously deficient and also that he suffered prejudice as a result of such deficiency.[58]

The *Higgins* court then proceeded to discuss the applicable standards for evaluating each prong of the *Strickland* test.  It explained seriously deficient performance in the following terms:

> When complaining of his counsel's deficient performance, a convicted defendant must show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms."  A reviewing court must judge the reasonableness of counsel's actions on the facts of the defendant's case, viewed from counsel's perspective at the time, recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  In essence, a defendant has the burden of proving by

---

[54] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[55] *Brown*, 656 F.3d at 329.

[56] *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006).

[57] *Strickland v. Washington*, 466 U.S. 668 (1984).

[58] *Higgins*, 470 F.3d at 631.

a preponderance of the evidence, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

"Because advocacy is an art not a science, ... [counsel's] strategic choices must be respected" if they were made after a thorough investigation of the law and facts relevant to possible options."  Such choices can vary greatly from attorney to attorney and from case to case, and reviewing courts must scrutinize these choices with a great deal of deference.  Indeed, such strategic choices are virtually unchallengeable.  As explained by the Supreme Court:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Thus, counsel cannot be adjudged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."[59]

The clearly established federal law of establishing prejudice from deficient performance of counsel was stated by the *Higgins* court as follows:

---

[59] *Id.* at 631-32 (internal citations omitted).

Even where counsel's performance is deficient, a petitioner is not entitled to habeas relief unless he also demonstrates ensuing prejudice. In evaluating the prejudice suffered by a defendant as a result of his counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Although the defendant need not prove that counsel's deficient conduct more likely than not affected the verdict, the defendant must show that "absent his counsel's error, the courts of appeal would have reasonable doubt with respect to his guilt." "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." In this vein, the court must determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury." A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[60]

Moreover, it is well-settled that a federal habeas court may, as an initial inquiry, consider either the alleged deficiency itself or the claim of prejudice resulting from such deficiency since establishing both prongs is required to grant the writ.[61]

---

[60] *Id.* at 633-34 (internal citations and parenthetical comments omitted).

[61] *Id.* at 631 n.3.

-12-

### D.     Sufficiency of the evidence

Despite the general prohibition against federal habeas corpus review of issues of state law,[62] a claim that a petitioner was convicted with insufficient evidence is cognizable under 28 U.S.C. § 2254[63] because the Due Process Clause of the Fourteenth Amendment "forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt."[64]

In that regard, the United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[65] This standard does not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact.[66]

Moreover, in addressing an argument about the sufficiency of the evidence, it must be remembered that an attack on the credibility of a witness is simply a challenge to the

---

[62] *See*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[63] *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006).

[64] *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

[65] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[66] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

-13-

quality of the prosecution's evidence, and not to its sufficiency.[67] Further, as the Sixth Circuit has stated, the review for sufficiency of the evidence must be viewed as containing two levels of deference toward the state decision: first, the deference set forth in *Jackson*, whereby the evidence is to be viewed most favorably to the prosecution, and next, "even if [the court] to conclude that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as that is not unreasonable."[68]

**E.    Application of standard**

*1.    Ground one - ineffective assistance of counsel – should be denied because the decision on this claim by the Ohio appeals court was not an unreasonable application of the clearly established federal law of Strickland.*

As the state appeals court observed, Clarke's first ground for relief involves the allegation that his trial counsel's failure to timely provide the prosecution with documents concerning his alibi resulted in those documents being precluded from use at trial.[69] Moreover, Clarke asserted that his trial attorney should have moved for the admission of the untimely provided documents in an attempt to gain their use at trial but did not make such a motion.[70]

---

[67] *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

[68] *Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012) (citations omitted).

[69] ECF # 4, Attachment 2 at 2.

[70] *Id.*

The Ohio court of appeals initially recognized that the applicable clearly established federal law is the dual prongs of the test set forth in *Strickland*.[71] The court first assumed that the failure to timely produce the alibi documents was ineffective conduct under the first prong of *Strickland*. But the court then determined that such a failure was not prejudicial under the second part of the *Strickland* test, thus concluding that the claim had no merit.

Specifically, the court noted that other evidence at trial already established that Clarke was out of town on the dates at issue.[72] Thus, the admission of the documents would merely have been cumulative on that point.[73] More importantly, the court reasoned, Clarke's absence from the city on those dates was not dispositive of his innocence on the rape and unlawful sexual contact with a minor charge.[74] As the appeals court stated, the victim was not positive about the June 11 date (which date was during Clarke's acknowledged absence), but was sure that the incident occurred within a week or two after school recessed on June 4.[75] The court found, therefore, that the indictment properly accused Clarke of an offense taking place "on or about" June 11, 2008, and no amount of additional proof that Clarke was away on June 11 would have altered the outcome at trial which found Clarke guilty.[76]

---

[71] *Id.*

[72] *Id.*

[73] *Id.*

[74] *Id.*

[75] *Id.*

[76] *Id.*

The Ohio appellate court correctly identified the clearly established federal law applicable to claims of ineffective assistance of counsel. Further, the court also properly noted that the test in that regard provides that allegedly ineffective assistance must be both conduct that falls below the constitutional norm and also that such deficient conduct be prejudicial. Thus, when even deficient conduct is not prejudicial, no constitutional violation is established.

Here, the appellate court reasonably concluded that additional proof of Clake's alibi for the date of June 11, 2008, would not have altered the result at trial. The court did not unreasonably apply *Strickland* to the facts of this case. Thus, I recommend that ground one be denied.

**2.      Ground two – sufficiency of the evidence – should be denied because the decision of the Ohio appeals court was not an unreasonable application of the clearly established federal law of Jackson.**

As to the second ground, Clarke maintained that there was insufficient evidence to convict him of rape, particularly as to the lack of any showing of force. The Ohio appeals court initially stated the clearly established federal law of *Jackson*, as that law is applied in Ohio by *State v. Jenks*.[77] That rubric provides that after the evidence is viewed in the light

---

[77] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)).  This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

most favorable to the prosecution, the reviewing court asks whether any rational trier of fact could have found all the elements of the offense proven beyond a reasonable doubt.[78]

Here, the appeals court initially found that proving the element of force in a rape depends, as a matter of Ohio law, on the age, size, and strength of the parties, and also involves taking into account the parties relationship to each other.[79] Thus, as the Ohio Supreme Court has held, there is coercion inherent in the authority of a parent over a child, such that the force needed to establish rape need not be overt and brutal, but can be subtle and psychological.[80]

In this case, the Ohio appeals court determined that the prosecution presented sufficient evidence of both physical and psychological force against the victim by Clarke:

> [The victim] testified that Clarke pulled her underwear down before he inserted his finger in her vagina. This court has held that pulling down a child victim's underwear 'can only be accomplished by the application of physical force,' even though such force requires only 'minimal physical exertion.'
>
> Further, [the victim] testified that she did not 'feel free' to get away from Clarke as he violated her, and that when he was finished, he told her not to tell anyone what happened. Under such circumstances, we find nothing unreasonable about a finding that [the victim's] will was overcome and that, consequently, the forcible element of rape was established.[81]

---

[78] ECF # 4, Attachment 2 at 3.

[79] *Id.*

[80] *Id.*

[81] *Id.* (internal citations omitted).

-17-

After reviewing the conclusion and reasoning of the state court in light of the clearly established federal law of *Jackson*, I recommend finding that the Ohio appeals court's decision denying this claim was not an unreasonable application of *Jackson*. Accordingly, this ground for relief should be denied.

## Conclusion

For the reasons stated above, I recommend that the petition of Elmas Clarke for a writ of habeas corpus be denied on the merits.

Dated:  May 17, 2013                    s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[82]

---

[82] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-18-